## BATES *v.* HALLIDAY.

A partner may, with the consent of his co-partner, make a valid arrange-
ment with a creditor of the former, that a debt due by the creditor to the
partnership may be discharged by deducting it as a payment as far as
it will go, from the debt of the partner to him.

A plea of payment contained also two items of set-off, one of which was
clearly inadmissible as such. *Held*, that the plea was not bad, on
general demurrer, on that account.

ERROR to the *Tippecanoe* Court of Common Pleas.
SMITH, J.—Covenant on an agreement under seal,
whereby *Bates* sold to *Halliday* his interest in a certain lot
upon which was a distillery, &c., for 6,500 dollars. In
consideration of said sale, *Halliday* bound himself to pay

*Bates* said sum of 6,500 dollars in manner following, to-wit: "2,700 dollars of the said sum of 6,500 dollars is hereby, by the consent of the parties, applied in liquidation, as far as it will go, of the amount in which the said *Bates* is now indebted to the said *Halliday;* 500 dollars in merchandise, 50 dollars' worth of which said merchandise is to be delivered at the expiration of each month from the 1st day of *May* next, until said sum of 500 dollars is paid; 650 dollars in barrels of rectified whisky, one-fourth to be paid in one month from the 1st day of *May* next, and another fourth at the expiration of each month thereafter, until the whole be paid; 800 dollars in barrels of high wines, one-fourth to be paid in one month from the 1st day of *May* next, and another fourth at the expiration of each month thereafter; 530 dollars by paying to *Ellsworth* that sum, being the balance due by *Bates* for the purchase-money of the premises; (he had bought them of *Ellsworth;*) and the remaining 1,320 dollars in cash by two equal payments, in six and twelve months." It was further agreed by the parties that a final settlement of all accounts between them should be had on or before the 1st day of *May* next, and, if it should appear that the present indebtedness of *Bates* to *Halliday* exceeded 2,700 dollars, with the claims which *Halliday* should then hold against *Bates*, the excess should be credited on the deferred payments, but *Halliday* should not, after the date of the agreement, purchase any outstanding claims against *Bates*, to offset against said payments; but that *Halliday* should have the right so to offset any payments he might make for the expenses and outlays of *Bates*, in fitting up and running said distillery.

This agreement was dated *April* 2d, 1848, and the suit was commenced on the 23d of *June*, 1848.

The plaintiff assigned the following breaches of the covenant:

1st. That the defendant refused to make a settlement on the 1st of *May*, and that, at the date of said agreement, as well as at said 1st day of *May*, there was due from *Bates* to *Halliday* only 100 dollars; wherefore the

defendant was bound to pay to the plaintiff the residue of the sum of 2,700 dollars, to-wit, 2,600 dollars, which, it was agreed, should be applied in liquidation of the amount *Bates* was indebted to *Halliday*.

2d. The second breach is similar to the first.

Demurrers were sustained to these two breaches.

3d. That the defendant refused to settle, &c., and refused to pay said 2,700 dollars, though there was nothing due from the plaintiff to him.

4th. That the defendant refused to deliver the merchandise, whisky, and high wines, though demand was made, &c.

5th. That on the 23d of *June*, 1848, the plaintiff demanded of the defendant 50 dollars in merchandise, 162 dollars and 50 cents in whisky, and 200 dollars in high wines, then due under the agreement, and the defendant refused, &c.

6th. That the plaintiff was not indebted to the defendant in any sum on final settlement; and though he requested the defendant to settle on the 1st day of *May*, the defendant did then refuse, and has ever since refused, to settle, or to pay the plaintiff said sum of 2,700 dollars.

The defendant filed two pleas to the 3d, 4th, 5th, and 6th breaches. The plaintiff demurred generally to both pleas. The demurrer was overruled and the defendant had judgment thereon.

One of the pleas was as follows:

That at the date of the agreement set out in the declaration, the defendant and one *Beach* were partners in trade, and that, on the 15th day of *May*, the plaintiff was indebted to said firm, on the common counts, for goods sold, &c., 5,398 dollars and 93 cents, which said indebtedness the parties meant and intended should constitute an offset to said deferred payments; that, with a view to a settlement as stipulated in the agreement, on said 15th of *May*, the defendant furnished the plaintiff with a memorandum of the items of said indebtedness, and the plaintiff then admitted the amount was correct, and, with

the consent of said *Beach*, said sum was then and there appropriated and accepted, by said *Bates*, in liquidation and payment of said sum of 2,700 dollars, and said other sums to be paid by the defendant as in said agreement mentioned, to the said amount of 5,398 dollars and 93 cents; which facts the defendant pleaded in bar of the suit.

The plea also avers an indebtedness of the plaintiff to the defendant upon a bill of exchange for 148 dollars and 92 cents, and that the plaintiff was indebted to one *Rockwell*, on the common counts, 2,000 dollars, which indebtedness had been assigned by *Rockwell* to the defendant; which items of indebtedness the defendant pleaded by way of offset.

No question need be examined as to the sufficiency of the first and second breaches, as the third and sixth admitted proof of all the facts which could have been given in evidence under either of them, and, therefore, the plaintiff was not injured by the demurrer which was sustained.

The only question of importance presented, is, whether the plea above quoted was sufficient to bar the suit, on general demurrer. It is objected to the first branch of the plea that an indebtedness of the plaintiff to *Beach* and *Halliday*, is not a legal matter of set-off, in a suit by the plaintiff against *Halliday* alone; but we do not think this proposition is relevant to the facts averred. The plea alleges, in substance, as we understand it, that, in pursuance of a previous understanding of the parties, a portion of the debt due by the agreement set out in the declaration, and a larger amount of it than was due at the time this suit was commenced, had been paid by *Halliday* to the plaintiff, by means of an agreement whereby the plaintiff was released from the payment of a debt due by him to the firm of *Halliday* and *Beach*, and accepted such release in satisfaction of the debt due by *Halliday* to him. The partnership debt of the plaintiff to *Halliday* and *Beach* is not offered as a set-off, but the acceptance of the plaintiff of the cancellation of that debt as a payment of the debt due by *Halliday* to him, is pleaded in bar.

There seems to be no reasonable ground to doubt, that such an arrangement and payment of the debts due by *Bates* to the firm, and by *Halliday* to *Bates*, might be made, with the assent of *Beach*, or that it would be valid and binding on all the parties. One partner cannot, without the assent of the other members of the firm, transfer or sell the partnership effects for the payment of an individual debt, but, with such assent, he may. Coll. on Partn., 218.—*Whitney* v. *Dean*, 5 N. H. R., 190. We can see no reason, therefore, why such an agreement as is alleged in the plea, if actually executed as it is averred it was, should not be a bar to a subsequent action by *Bates* against *Halliday* for the debt thus satisfied.

The plea would have been objectionable, no doubt, on special demurrer. The debt alleged to have been assigned by *Rockwell*, was clearly inadmissible as matter of set-off, but, regarding all the plea but the first branch of it as surplusage, we think that, on general demurrer, it may be regarded as a sufficient plea of payment.

*Per Curiam.*—The judgment is affirmed with costs.

*D. Mace, R. Jones, J. Pettit*, and *S. A. Huff*, for the plaintiff.

*G. S. Orth, E. H. Brackett*, and *Z. Baird*, for the defendant.